| | |
|---|---|
| REGINA FONDREN, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br>v.<br><br>SENTRY CREDIT INC.,<br><br>                      Defendant. | Case No.: 20-cv-1409<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Regina Fondren is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, § 421.301(17), Wis. Stats., in that the debt arose from a consumer transaction.

6. Defendant Sentry Credit, Inc. ("Sentry") is a foreign business corporation with its principal offices located at 2809 Grand Avenue, Everett, Washington 98201.

7. Sentry is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Sentry is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9. Sentry is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

10. On or about March 6, 2020, Defendant mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as Exhibit A.

11. Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a "Nordstrom" store-branded credit card used only for personal, household, and family purposes.

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Upon information and belief, Exhibit A is a form debt collection letter used by Defendant to attempt to collect alleged debts.

14. Upon information and belief, Exhibit A is the first written communication Defendant mailed to Plaintiff regarding at least some of the alleged debts referenced therein.

15. Exhibit A includes the following language which largely reflects the statutory validation notice that the FDCPA, 15 U.S.C. § 1692g, requires the debt collector mail the alleged debtor along with, or within five days of, the initial communication:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice , this office will provide you with the name and address of the original creditor, if different from the current creditor.

16. <u>Exhibit A</u> contains confusing and misleading representations about the identity of the creditor to whom the debt is owed.

17. The header in <u>Exhibit A</u> states:

Current Creditor: Nordstrom Inc.
Account #: Ending in 4664
Agency Account #: ▇▇▇▇8036

Total Balance: $515.77

18. The payment remittance slip in <u>Exhibit A</u> states:

| Regarding | | |
|---|---|---|
| Current Creditor: Nordstrom Inc. | | |
| Account # | Balance | Amount Enclosed |
| ▇▇▇8036 | $515.77 | $ |

19. The representation that Nordstrom is the "Current Creditor" is false.

20. "Nordstrom" store-brand credit card accounts are owned and issued by TD Bank USA, N.A. ("TD Bank"). A copy of the Nordstrom store-brand credit card agreement is attached to this complaint as <u>Exhibit B</u>.

21. <u>Exhibit B</u> states, in part:

**NORDSTROM CREDIT CARD AGREEMENT**

In this Nordstrom Credit Card Agreement ("Agreement") "**we**," "**us**," "**our**," and "**TD Bank**" mean TD Bank USA, N.A., a national bank with its main office located in Delaware, and its successors and assignees.

. . .

We have engaged Nordstrom Card Services, an affiliate of Nordstrom, as our service provider for the Nordstrom Credit Card program and your Credit

3

Card Account. When you call or write to us, you will be contacting Nordstrom Card Services for Credit Card Account servicing.

22. <u>Exhibit B</u> further states, in part:

**12. ASSIGNMENT**

I may not sell, assign, or transfer my Credit Card Account without first obtaining TD Bank's prior written consent. TD Bank may sell, assign or transfer my Credit Card Account and TD Bank's rights under this Agreement without prior notice to me.

23. The representation that "Nordstrom, Inc." is the "Current Creditor" is false on its face.

24. An unsophisticated consumer reviewing <u>Exhibit A</u> would be misled to believe that the account was sold to Nordstrom, Inc. as a non-performing asset.

25. In fact, upon information and belief, Nordstrom, Inc. is still acting as an account servicer but has not actually taken assignment of the account and is not the current creditor.

26. A dunning letter that identifies the store brand as the "current creditor" of a store-brand account does not actually identify the creditor to whom the debt is owed. *See Rhodes v. Enhanced Recovery Co.*, No. 17-cv-04297-SEB-TAB, 2020 U.S. Dist. LEXIS 128241, at *11 (S.D. Ind. July 21, 2020) ("the mere fact that Kohl's participated in the credit card program with Capital One and played an active role in the servicing of the accounts does not necessarily convert Kohl's into a creditor, and certainly not into the creditor to whom the debt is owed.") (quoting *Bryan v. Credit Control, LLC*, 954 F.3d 576, 581 (2d Cir. 2020); *see also Gritters v. Ocwen Loan Servicing, LLC*, No. 14-c-916, 2018 U.S. Dist. LEXIS 63010, at *21-22 (N.D. Ill. Apr. 13, 2018) (debt collector violated FDCPA by identifying the servicer rather than the creditor of the debt because "whether Gritters understood Nationstar's role as servicer, previously knew that Freddie Mac owned the debt, or could have figured it out despite what Pierce had written, is all beyond the

4

point."); *Hepsen v. Resurgent Capital Servs., LP*, 383 Fed. Appx. 877, 883 (11th Cir. 2010) ("As did the district court, we conclude JCC's practice of naming its client as the "creditor" was not an objectively reasonable mistake.").

27. Confusing and misleading representations about the name of the creditor are material misrepresentations because they create the potential for fraud or double-payments and a debt collector letter *per se* violates the FDCPA if its dunning letter does not clearly identify the creditor to whom the debt is owed. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("a lucky guess would have nothing to do with any disclosure the letters provided. Compliance with the clear requirements of § 1692g(a)(2) demands more.").

28. For this reason, courts hold that a debt collector must clearly and unequivocally identify the current creditor to whom the debt is owed and "a FDCPA plaintiff states a claim when she alleges that the collection letter names the creditor in a manner that is unclear or confusing." *Blarek v. Creditors Interchange*, No. 05-cv-1018, 2006 U.S. Dist. LEXIS 60595, at *3 (E.D. Wis. Aug. 25, 2006); *see also, e.g., Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007); *Walls v. United Collection Bureau*, No. 11-cv-6026, 2012 U.S. Dist. LEXIS 68079, at *5 (N.D. Ill. May 16, 2012); *Deschaine v. Nat'l Enter. Sys.*, No. 12-cv-50416, 2013 U.S. Dist. LEXIS 31349, at *3-5 (N.D. Ill. Mar. 7, 2013); *Aribal*, 2013 U.S. Dist. LEXIS 105355, at *12-13; *Braatz*, 2011 U.S. Dist. LEXIS 123118, at *3; *Pardo v. Allied Interstate, LLC*, No. 14-cv-1104, 2015 U.S. Dist. LEXIS 125526, at *8-9 (S.D. Ind. Sept. 21, 2015); *Long v. Fenton & McGarvey Law Firm, P.S.C.*, 223 F. Supp. 3d 773, 778-79 (S.D. Ind. Dec. 9, 2016); *Brinkmeier v. Round Two Recovery, LLC*, No. 15-cv-3693, 2016 U.S. Dist. LEXIS 97664, at *4 (E.D.N.Y. July 25, 2016); *Datiz v. Int'l Recovery Assocs.*, No. 15-cv-3549, 2018 U.S. Dist. LEXIS 127196 (E.D.N.Y. July 27, 2018), *adopted by,* 2018 U.S. Dist. LEXIS 163290 (E.D.N.Y. Sept. 24, 2018);

5

*Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 761 (D. Md. 2017); *Taylor v. Alltran Fin., LP*, No. 18-cv-306-JMS-MJD, 2018 U.S. Dist. LEXIS 159862, at *6 (S.D. Ind. Sept. 19, 2018).

29. An unsophisticated consumer receiving Exhibit A would not be able to determine whether TD Bank was still the creditor or if TD Bank had assigned the account (as per its rights under the card agreement) to Nordstrom, Inc. as a nonperforming asset.

30. An unsophisticated consumer receiving Exhibit A would not know to whom the debt was owed.

31. Plaintiff was misled and confused by Exhibit A.

32. The unsophisticated consumer would be misled and confused by Exhibit A.

### ***The FDCPA***

33. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("Spuhler I") ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this

circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l& Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes … do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lanev. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist

7

without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

34. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

35. Misrepresentations of the character, amount or legal status of any debt, including language confusing or obscuring purported settlement offers, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Degroot v. Client Servs.,* 2020 U.S. Dist. LEXIS 6677 (E.D. Wis. Jan. 15, 2020) ("[A]n informational injury can be concrete when the plaintiff is entitled to receive and review substantive information."); *Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt., Inc.*, 18-cv-1484 (E.D. Wis. August 9, 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free

from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

36. 15 U.S.C. § 1692e generally prohibits: "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. 15 U.S.C. § 1692e(2)(a) specifically prohibits debt collectors from making false representations about "the character, amount, or legal status of any debt."

38. 15 U.S.C. § 1692e(10) specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

39. 15 U.S.C. § 1692g(a) states:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> …
>
> (2) the name of the creditor to whom the debt is owed;

40. To satisfy § 1692g(a)(2), a debt collector must state the name of the creditor in a non-confusing manner:

> Section 1692g(a) requires debt collectors to disclose specific information, including the name of the current creditor, in certain written notices they send to consumers. If a letter fails to disclose the required information clearly, it violates the Act, without further proof of confusion.

*Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016).

41. 15 U.S.C. § 1692g(b) states, in relevant part: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the

9

disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

## COUNT I – FDCPA

42. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

43. Exhibit A identifies the creditor in a confusing and misleading manner.

44. Defendant violated 15 U.S.C. § 1692e, 1692e(2)(a), 1692e(10), and 1692g(a)(2).

## CLASS ALLEGATIONS

45. Plaintiff brings this action on behalf of a class consisting of:

(a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter by Defendant in the form of Exhibit A complaint, (c) seeking to collect an alleged debt owed to "Nordstrom, Inc." (d) between September 9, 2019 and September 9, 2020, inclusive, (e) that was not returned by the postal service.

46. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 class members.

47. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are whether Exhibit A violates the FDCPA.

48. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

49. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

50. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

51. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: September 9, 2020

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com